UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JILLIAN GUTIERREZ, on behalf of
J.M.J., a minor child,

                          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

**MEMORANDUM AND ORDER**

21-CV-6620 (LDH)

---

LaSHANN DeARCY HALL, United States District Judge:

      Jillian Gutierrez ("Plaintiff"), proceeding pro se on behalf of her minor child, J.M.J. ("Claimant"), seeks this Court's review of the final decision by the Commissioner of Social Security (the "Commissioner") to deny her December 6, 2019 application for supplemental security income under the Social Security Act. Plaintiff moves pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for a judgment modifying the Commissioner's decision, or in the alternative, remanding for further proceedings. (Compl. ¶¶ 1, 9(c), ECF No. 1.) The Commissioner moves pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for a judgment on the pleadings. (Comm'r's Mem. L. Supp. Mot. J. Plead. ("Comm'r's Mem."), ECF No. 13.) For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND[1]

      Claimant was born to Plaintiff on July 5, 2019. (Admin. Tr. at 20, ECF No. 7.) On December 6, 2019, Plaintiff filed an application for supplemental security income ("SSI"), based on Claimant's diagnosis of sickle cell anemia. (*Id.*) Her application for SSI was initially denied

---

[1] The Court relies on the facts and evidence adduced in the administrative record for the purpose of deciding the instant appeal.

on February 19, 2020, and after Plaintiff sought reconsideration of that decision, again on April 21, 2020. (*Id*., Exs. 1B, 4B.) Plaintiff subsequently requested a hearing before an administrative law judge ("ALJ"), which was held on November 5, 2020. (*Id*. at 29.)

In written findings issued on March 21, 2021, the ALJ determined, in light of the hearing testimony and medical evidence, that Claimant did not have a qualifying disability under the Social Security Act, and denied Plaintiff's SSI application. (*Id*. at 24.) Plaintiff sought review of that decision by the Appeals Council; this, too, was denied. (*See id*. at 1.) The instant appeal followed.

## STANDARD OF REVIEW

The Social Security Act permits a disability plaintiff to seek judicial review of a final decision by the Commissioner to deny her application for benefits. 42 U.S.C. §§ 405(g), 383(c)(3); *see also Felder v. Astrue*, No. 10-cv-5747, 2012 WL 3993594, at *8 (E.D.N.Y. Sept. 11, 2012). However, a district court may only set aside the Commissioner's determination that a claimant is not disabled "if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." *Shaw v. Chater*, 221 F.3d 126, 131 (2d. Cir. 2000). The substantial-evidence standard does not require that the Commissioner's decision be supported by a preponderance of the evidence. *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982) ("[A] factual issue in a benefits proceeding need not be resolved in accordance with the preponderance of the evidence [.]"). Instead, the Commissioner's decision must be supported by "more than a mere scintilla" of evidence, meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148 (2019).

**DISCUSSION**

A child under the age of 18 is considered disabled, and therefore eligible for Social Security benefits, where she has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(3)(C)(i). In other words, in determining whether a minor is eligible for social security benefits, the court must consider: (1) whether the child is engaged in substantial gainful activity; (2) whether the child has a "severe impairment," that causes more than "minimal functional limitations," and (3) whether the child's impairment, if severe, either meets or is medically equivalent to one of the listings in 20 C.F.R. Part 404 Subpart P, Appendix 1 ("Listed Impairments"). *See* 20 C.F.R § 416.924(a)–(d); *see also Torres v. Comm'r of Social Sec.*, No. 09-cv-0059, 2010 WL 2674543, *5 (E.D.N.Y. June 30, 2010).

Here, the ALJ properly applied that framework. *First*, the ALJ determined that Claimant had not been engaged in substantial gainful activity—that is, work involving significant physical or mental activities done for pay or profit. (Admin Tr. at 20.) *Second*, the ALJ concluded that Claimant had an impairment by way of her sickle cell anemia. (*Id.*) *Third*, the ALJ determined that Claimant's sickle cell diagnosis did not "meet or medically equal[] the severity of" any Listed Impairment. In making this determination, the ALJ referred to Listing 107.05, under which "hemolytic anemias, including sickle cell disease" are deemed to be sufficiently severe when accompanied by the following conditions:

    A. Documented painful (vaso-occlusive) crises requiring parenteral (intravenous or intramuscular) narcotic medication, occurring at least six times within a 12-month period with at least 30 days between crises; or

    B. Complications resulting in at least three hospitalizations of at least 48 hours in duration, within a 12-month period and occurring at least 30 days apart; or

3

>    C. Hemoglobin measurements of 7.0 grams per deciliter or less, occurring at least three times within a 12-month period with at least 30 days between measurements; or
>
>    D. Beta thalassemia major requiring life-long RBC transfusions at least once every six weeks to maintain life.

*See id*; *see also* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 107.05.  A review of Claimant's medical records showed that she did not meet any of these criteria.  (Admin Tr. at 21.)

Next, the ALJ determined that Claimant had no impairment, or combination of impairments, that were functionally equivalent to a Listed Impairment.  Specifically, the ALJ found that Claimant had no limitations with respect to five of the six domains of functioning: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; or (5) the ability to care for herself.  (*Id*. at 21–22.)  And, Claimant had "less than marked limitations" with respect to the sixth domain, her health and well-being.  (*Id.* at 22.)  The ALJ noted that, while Claimant did suffer from a milk protein allergy, "the objective medical evidence reflect[ed] an otherwise normally developing child who ha[d] . . . not experienced any particular complications."  (*Id*. at 23.)  For these reasons, the ALJ concluded that Claimant did not have a qualifying disability under the Social Security Act, and denied Plaintiff's application.  (*Id*. at 24.)

The Commissioner urges the Court to affirm the ALJ's findings, asserting that they were supported by substantial evidence.  (*See* Comm'r's Mem. at 4.)  The Court, having reviewed the administrative record, agrees.  *First*, Claimant's medical records (a) yield no evidence that her sickle cell disease has ever been treated with intravenous or intramuscular narcotics; (b) do not show that she has had three hospitalizations; (c) reveal that her hemoglobin measured at 10.7 grams per deciliter and 11.3 grams per deciliter in February and July 2020, respectively (*see* Admin Tr., Ex. 10F, at 335); and (d) nowhere indicate that she has ever received a blood transfusion, let alone that she requires them every six weeks.  Accordingly, her condition does

4

not satisfy Listing 107.05.  *Second*, the medical evidence shows that Claimant has been meeting her developmental milestones, which supports the ALJ's findings as to her degree of functioning. At nine months old, for example, Claimant was "starting to pull to stand," was crawling, and was "happy [and] interactive." (*See id.*, Ex. 5F, at 266.)  At fifteen months old, Claimant was "[g]rowing and developing with no concerns": she could use "mama" and "dada" appropriately, walk, play pat-a-cake or wave "bye-bye" without assistance, and stand up on her own after bending down to retrieve an object from the floor. (*See id.*, Ex. 10F, at 328–29.).  Moreover, Claimant's medical history was reviewed by two consultative examiners in connection with Plaintiff's SSI application, each of whom determined that while Claimant had a "severe" medically determinable impairment, it did not meet, medically equal, or functionally equal a Listed Impairment. (*See id.*, Ex. 1A, at 48; Ex. 3A, at 58.)

Plaintiff takes exception to the ALJ's decision.  In support, she notes that she has submitted medical records showing that Claimant's specialist has evaluated her for chronic pain, that Claimant is prescribed daily medications, and that Claimant must avoid strenuous activities. (Pl.'s July 15, 2022 Ltr., ECF No. 14.)  But, what Plaintiff perhaps overlooks is that the ALJ took all of these factors into account when reviewing her testimony. (*See* Admin Tr. at 22.) Specifically, he recognized that "[C]laimant's diagnosis of sickle cell anemia is a serious and chronic condition that requires close monitoring," and acknowledged that there was "some evidence that [Claimant] experiences pain that [is] treated with ibuprofen." (*Id.*)  Nevertheless, he was constrained to deny Plaintiff's SSI application because Claimant simply did not have the requisite functional limitations to render her disabled under the Social Security Act. (*See id.* at 23–24.)  As the ALJ's detailed findings establish that he undertook a thorough review of the

5

record, and there was substantial evidence in the record to support his decision, the Court cannot conclude that the Commissioner erred in denying Plaintiff's application.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings is GRANTED, and the final decision of the Commissioner is affirmed.

SO ORDERED.

Dated: Brooklyn, New York  
      March 31, 2023

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge